IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| KENNETH R. KING, EXECUTOR OF THE ESTATE OF BONNIE B. KING, DECEASED<br>190 North Messner Road<br>Akron, OH 44319<br><br>      Plaintiff<br><br>  vs.<br><br>BROOKDALE SENIOR LIVING COMMUNITIES, INC.<br>c/o Statutory Agent,<br>CT Corporation System<br>1300 East Ninth Street<br>Cleveland, OH 44114<br><br>    and<br><br>BROOKDALE SENIOR LIVING COMMUNITIES, INC. dba BROOKDALE BARBERTON<br>c/o Statutory Agent,<br>Brookdale Senior Living Communities, Inc.<br>111 Westwood Place, Suite 400<br>Brentwood, TN 37027<br><br>    and<br><br>BROOKDALE SENIOR LIVING COMMUNITIES, INC. dba STERLING HOUSE OF BARBERTON<br>c/o Statutory Agent,<br>Brookdale Senior Living Communities, Inc.<br>487 Austin Drive<br>Barberton, OH 44203-8641<br><br>      Defendants | CASE NO.<br><br>JUDGE<br><br><br><br>C O M P L A I N T<br><br>Type:  Torts (Wrongful Death) |

## FIRST CLAIM FOR RELIEF

1.   Plaintiff, Kenneth R. King, is the duly-appointed Executor of the Estate of Bonnie B. King, Deceased.

2.   Plaintiff states that at all times pertinent hereto, Defendant, Brookdale Senior Living Communities, Inc. (Brookdale), is an Ohio corporation, company and/or entity which was providing medical services in the State of Ohio and was holding itself out to the general public, including Plaintiff's decedent, as offering services such as quality medical care and treatment to the public.  At all relevant times mentioned herein, Brookdale acted through its agents, employees and/or representatives, including but limited to, the nursing staff and nurses' aides.

3.   Plaintiff states that at all times pertinent hereto, Defendant Brookdale did business as Brookdale Barberton and Sterling House of Barberton, both of which are fictitious names registered by Defendant Brookdale.  Plaintiff further states that at all relevant times mentioned herein, Brookdale acted through its agents, employees and/or representatives, including but not limited to, the nursing staff and nurses' aides, all of whom were employees of Brookdale Barberton or Sterling House of Barberton, or of all three.

4.   Plaintiff states that on and before July 4, 2014, the Brookdale Defendants were charged with providing for the care and safety of Plaintiff's decedent.

5.   Plaintiff states that in caring for Plaintiff's decedent, the Brookdale Defendants failed to act in accordance with recognized standards of care for healthcare

2

professionals under similar circumstances, and that Defendants were negligent in other respects to be shown at time of trial.

6. As a direct and proximate result of the Brookdale Defendants' negligence, Plaintiff's decedent fell, struck her head, fractured her cervical vertebrae, and suffered injuries that ultimately caused her premature death on July 18, 2014.

7. As a direct and proximate result of the negligence of the Defendants, Plaintiff's decedents have suffered the injuries, losses and damages as set forth in Ohio Revised Code §2125.

## SECOND CLAIM FOR RELIEF

8. Plaintiff hereby restates all of the allegations set forth in the previous Claim for Relief as if the same were fully rewritten herein.

9. Plaintiff brings this survivor action pursuant to Ohio Revised Code §2305.21.

10. Plaintiff further states that as a direct and proximate result of the negligence of the Brookdale Defendants, Plaintiff's decedent suffered injuries on July 4, 2014, which caused her to suffer conscious pain and suffering, and emotional anguish until her death on July 18, 2014.

11. As a direct and proximate result of the negligence of the Brookdale Defendants as previously alleged, Plaintiff's decedent suffered the injuries, losses and damages as set forth in Ohio Revised Code §2305.21.

Case: 5:16-cv-00175-SL  Doc #: 1-3  Filed: 01/25/16  4 of 5.  PageID #: 22

CV-2015-12-5752    CMCO            12/22/2015 13:51:53 PM      CALLAHAN, LYNNE S.  Page 4 of 5

### THIRD CLAIM FOR RELIEF

12. Plaintiff hereby restates all of the allegations set forth in the previous Claims for Relief as if the same were fully rewritten herein.

13. Plaintiff further states that Defendants operate a "home" as defined in Ohio Revised Code §3721.10.

14. The decedent's rights were violated under Ohio Revised Code §3721.10 to §3721.17, including, but not limited to the right to adequate and appropriate medical treatment and nursing care, and to other ancillary services that comprise necessary and appropriate care consistent with the program for which the decedent contracted or violated.

15. The conduct of the Brookdale Defendant, through their agents, employees and/or representatives, demonstrated a conscious disregard for the rights and safety of residents of the nursing home, like Plaintiff's decedent, under circumstances where injury and damage were substantially certain to occur.

### FOURTH CLAIM FOR RELIEF

16. Plaintiff hereby restates all of the allegations set forth in the previous Claims for Relief as if the same were fully rewritten herein.

17. As a direct and proximate result of the negligence of the Brookdale Defendants as described herein, medical, funeral and burial expenses were incurred by Plaintiff's decedent and Plaintiff's estate.

4

*Daniel M. Horrigan, Summit County Clerk of Courts*

WHEREFORE, the Plaintiff demands judgment as follows:

a. On the First Claim for Relief, the Plaintiff demands judgment against the Defendants in a sum in excess of $25,000, together with interest and costs as allowed by law.

b. On the Second Claim for Relief, the Plaintiff demands judgment against the Defendants in a sum in excess of $25,000, together with interest and costs as allowed by law.

c. On the Third Claim for Relief, the Plaintiff demands judgment against the Defendants in a sum in excess of $25,000, together with interest and costs as allowed by law.

d. On the Fourth Claim for Relief, the Plaintiff demands judgment against the Defendants in a sum in excess of $25,000, together with interest and costs as allowed by law.

Respectfully submitted,

/s/ John T. Scanlon
JOHN T. SCANLON [0064169]
THE SCANLON GROUP CO., L.P.A.
50 South Main Street, Suite 504
Akron, OH 44308
330-376-4558-phone/330-376-3550-fax
jscanlon@scangrp.com – e-mail
Attorney for Plaintiff